UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK D. WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZONE.COM INC.,<br><br>    Defendant. | No. 2:20-cv-513-TLN-JDP PS<br><br><br>ORDER |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] His declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, some, but not all, of plaintiff's claims must be dismissed.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Plaintiff purports to bring this action on behalf of himself and others similarly situated against defendant Amazon.com, Inc. for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.; the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51, *et seq*.; the California Disabled Persons Act ("CDPA"), Cal. Civ. Code § 54, *et seq*.; and the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq*. ECF No. 1. The complaint alleges that plaintiff is legally blind and requires screen-reading software to navigate websites. *Id*. at 2. Defendant allegedly sells goods and services through its website and physical stores, including six stores located in California. *Id*. at 7-9. Plaintiff claims that defendant's website is not compatible with screen reading software, including the specific software used by plaintiff. *Id*. at 8. He claims that he has been deterred from visiting defendant's physical stores because he is unable to use defendant's website to locate the stores and obtain

1 their hours of operation. *Id*. at 9.

2     As a threshold matter, plaintiff cannot maintain this case as a class action lawsuit. While individuals may appear *in propria persona* on their own behalf, they may not represent the interests of others without first obtaining counsel. *C E. Pope Equity Trust v. United States*, 818 F.2d 698 (9th Cir. 1987) (citing *McShane v. United States*, 366 F.2d 286 (9th Cir. 1966)). The assertion of class claims is also inappropriate because plaintiff, as a layman, cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. *See Martin v. Middendorf*, 420 F. Supp. 779 (D.D.C. 1976). Thus, plaintiff may only assert claims on his own behalf.

    As for his individual claims, the complaint alleges a potentially cognizable claim for violation of Title III of the ADA. To state a claim for violation of Title III of the ADA, plaintiff must allege "that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). "[T]he ADA mandates that places of public accommodation . . . provide auxiliary aids and services to make visual materials available to individuals who are blind." *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 904 (9th Cir. 2019), *cert. denied*, 2019 WL 4921438 (U.S. Oct. 7, 2019); *see Farr v. Hobby Lobby Stores, Inc.*, 2020 WL 3978078, at 2-3 (C.D. Cal. Apr. 29, 2020) (allegations that defendant's web-based barriers prevented plaintiff from locating a store sufficient to state a claim for violation of the ADA).

    Furthermore, any violation of the ADA necessarily constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f); *see also Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 664 (2009). Likewise, a violation of the ADA also constitutes a violation of the CDPA. Cal. Civ. Code § 54.1(d); *see Pickern v. Best Western Timber Cove Lodge Marina*, 194 F. Supp. 2d 1128, 1131 (E.D. Cal. 2002) (observing that the CDPA was "amended to provide that a violation of the ADA constitutes a violation [its] provisions."). Accordingly, the complaint also alleges, for purposes of screening, cognizable claims for violation of the Unruh Act and the CDPA.

/////

Plaintiff's allegations, however, fail to establish standing to assert a claim for violation of the New York State Human Rights Law ("NYSHRL"). "To establish Article III standing, an injury must be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 409 (2013). A "plaintiff must demonstrate standing for each claim he seeks to press." *DaimlerChrysler Corp. v. Curno*, 547 U.S. 332, 335 (2006). Plaintiff, a resident of California, does not provide any allegations suggesting he has suffered an injury that is fairly traceable to a violation of New York state law. *See Carpenter v. PetSmart, Inc.*, 441 F. Supp. 3d 1028, 1039 (S.D. Cal. 2020) ("Carpenter, however, does not have standing to assert a claim against PetSmart under any state's law but California's because Carpenter did not suffer any injuries in fact traceable to any alleged violations of any other states' laws."). Consequently, his NYSHRL claim must be dismissed for lack of standing.

Accordingly, plaintiff may either proceed only on his potentially cognizable claims for violation of Title III of the ADA, the Unruh Act, and the CDPA, or he may amend his complaint and attempt to cure its deficiencies. Plaintiff is not obligated to amend his complaint.

Should plaintiff choose to amend his complaint, he is informed that any amended complaint must allege a cognizable legal theory against proper defendant and sufficient facts in support of that cognizable legal theory. The amended complaint shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be

complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint alleges, for screening purposes, potentially cognizable claims for violations of Title III of the ADA, the Unruh Act, and the CDPA.

3. Plaintiff's NYSHRL claim is dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

4. Within 30 days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claim or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

5. Failure to comply with any part of this order may result in dismissal of this action.

Dated: October 5, 2020

                                                _/s/ Jeremy Peterson_
                                          UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK D. WILLIAMS,<br><br>           Plaintiff,<br><br>   v.<br><br>AMAZON.COM, INC.,<br><br>           Defendant. | No.  2:20-cv-513-TLN-EFB PS<br><br><br>NOTICE OF ELECTION |

In Accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____   proceed only with the claims for violations of Title III of the ADA, the Unruh Act, and the CDPA.

OR

(2) _____   delay serving defendant and file an amended complaint.